Queens Village Medical Care, P.C., as Assignee of Louis Dominique, Respondent,
against
Government Employees Insurance Company, Appellant.




The Law Office of Printz & Goldstein (Lawrence J. Chanice, Esq.), for appellant.
Baker Sanders, LLC, for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered November 10, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,671.




ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new trial. 
At a nonjury trial of this action by a provider to recover assigned first-party no-fault benefits, the sole issue was the medical necessity of the services at issue. Plaintiff moved to preclude defendant's expert medical witness from testifying on the ground that his specialty is physical medicine and rehabilitation, while the author of the peer report is an orthopedic surgeon who stated in the peer review report that he was conducting the review from an orthopedic surgery standpoint. The court precluded the witness, granted plaintiff's application for a directed verdict and awarded judgment in favor of plaintiff in the principal sum of $2,671.
An expert medical witness's specialty goes to the weight to be given to the testimony and not to the witness's competency to testify as an expert (see Metropolitan Diagnostic Med. Care, P.C. v Erie Ins. Co. of NY, 54 Misc 3d 129[A], 2016 NY Slip Op 51815[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Thus, defendant's witness should have been permitted to testify. 
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2017